## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO.  3:18cv213-MPM-JMV |
| v. | ) ) | COMPLAINT |
| PREWETT ENTERPRISES, INC. D/B/A B & P ENTERPRISES & DESOTO MARINE, LLC | ) ) ) ) | <u>JURY TRIAL DEMAND</u> |
| Defendant. | ) ) | |

_____

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to David Sharp, Sirrell Scott, Shondell Dotson and a class of African American employees who were adversely affected by such practices.

As alleged with greater particularity in paragraphs 18-21 below, Plaintiff Equal Employment Opportunity Commission alleges Defendant, Prewett Enterprises, Inc., d/b/a B & P Enterprises and Defendant DeSoto Marine, LLC, (hereinafter referred to collectively as "Defendant Employer") subjected David Sharp, Sirrell Scott, Shondell Dotson and a class of African American employees to harassment, a hostile work environment and unequal terms and conditions of employment because of their race, all in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

## PARTIES

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant Prewett Enterprises, Inc., has continuously been a Tennessee corporation doing business in the State of Mississippi and the cities of Southaven and Walls, and has continuously had at least 15 employees.

5.     At all relevant times, Defendant Employer Prewett Enterprises, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

6.     At all relevant times, Defendant, DeSoto Marine, LLC, has continuously been a Mississippi corporation doing business in the State of Mississippi and the cities of Southaven and Walls, and has continuously had at least 15 employees.

2

7.     At all relevant times, DeSoto Marine, LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

8.     Prewett Enterprises, Inc., and DeSoto Marine, LLC, operate out of the same business address: 6320 Stateline Road, Walls, Mississippi 38680.

9.     William B. Prewett serves as the president of Prewett Enterprises, Inc., and DeSoto Marine, LLC.

10.    Prewett Enterprises, Inc., and DeSoto Marine, LLC, are joint employers, as both entities share a pool of employees; have the ability to direct and supervise the employees' performance; hire; fire; or discipline the employees; and affect the employees' compensation and benefits.

## ADMINISTRATIVE PROCEDURES

11.    More than 30 days prior to the institution of this lawsuit, David Sharp, Sirrell Scott and Shondell Dotson filed Charges with the Commission alleging violations of Title VII by Defendant Employer.

12.    On July 26, 2018, the Commission issued to Defendant Employer Letters of Determination, finding reasonable cause to believe that Title VII was violated, and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and to provide appropriate relief.

13.    The Commission engaged in communications with Defendant Employer to provide Defendant Employer the opportunity to remedy the discriminatory practices described in the Letters of Determination.

14.    The Commission was unable to secure from Defendant Employer a conciliation

3

agreement that was acceptable to the Commission.

15.     On September 25, 2018, the Commission issued to Defendant Employer Notices of Failure of Conciliation.

16.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17.     Since at least August 2013, Defendant Employer has engaged in unlawful employment practices at their worksites in Mississippi, Tennessee, Arkansas, Louisiana, Alabama, and Texas in violation of Section 703 (a) of Title VII, 42 U.S.C. § 2000e-2(a).

18.     The unlawful employment practices include subjecting David Sharp (Sharp) to harassment, a hostile work environment and unequal terms and conditions of employment because of his race, African American.

      a.   Defendant Employer Prewett Enterprises specializes in disaster responses, specifically marine and land-based spill response. Defendant Employer cleans up oil spills in Mississippi, Tennessee, Arkansas, Louisiana, Alabama, and Texas.

      b.   On or around August 2013, Defendant Employer Prewett Enterprises contracted with Delek Logistics Operating, LLC (Delek Logistics), an energy company with assets in petroleum refining, logistics in Tyler and Big Spring, TX, El Dorado, AR and Krotz Springs, LA, to provide certain work in Arkansas, Tennessee and Louisiana.

      c.   The scope of the work between Delek Logistics and Defendant Employer Prewett Enterprises included oil spill cleanup, diesel tank clean-out, and site remediation.

4

d. The Master Work Agreement among Prewett Enterprises, Delek Logistics and its subsidiaries show David Sharp, Shondell Dotson, Sirrell Scott, and a class of other African American employees, including Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram as employees of Prewett Enterprises.

e. Prewett Enterprises completed daily project task listing David Sharp, Shondell Dotson, Sirrell Scott, and other African Americans as a class, including Issac Alsobrook, Alec Alsobrook, Harry Nichols, Pierre McGrone, Shambus Bennett, and Antonio Abram as "Technicians" working for Prewett Enterprises.

f. Sharp completed an application for employment around August 19, 2013, with Prewett Enterprises, d/b/a B & P Enterprises.

g. The top of the application stated "Prewett Enterprises, Inc., d/b/a B & P Enterprises."

h. On the same day, Sharp signed a document titled Rules and Regulations from Prewett Enterprises.

i. Defendant Employer hired Sharp as an Environmental Technician around August 19, 2013, in Walls, Mississippi.

j. After his hire, Sharp travelled to different jobsites doing cleanup work.

k. While working on the different jobsites from August 2013 to November 2013, Sharp's supervisors subjected him daily racial harassment.

l. The daily harassment consisted of racial slurs, derogatory names, and profanity directed at Sharp.

5

m.  Supervisors referred to Sharp as "Niggas," and called him "mother fucker."

n.  One supervisor told Sharp that "Blacks will never be in high management and haven't been in management."

o.  Supervisors required Black workers to work in the water where the snakes and dead creatures were located while White workers were on the land.

p.  When Sharp complained to management about how the White supervisors talked to him and other Blacks, management failed to take any action.

q.  Defendant Employer discharged Sharp around November 2013.

r.  Around April 28, 2014, Sharp reapplied for employment with Defendant Employer because Defendant Employer asked him to return and Sharp needed to work.

s.  Sharp went to the same location and completed an application.

t.  Sharp's application reflected DeSoto Marine.

u.  Sharp returned to work and noticed the same managers working when he worked for Prewett Enterprises.

v.  Sharp also experienced the same racial harassment from supervisors, including Kendall Prewett.

w.  When Sharp spoke to Kendall Prewett about the racial slurs in the workplace, Prewett told him to leave his problems at the gate.

x.  After Sharp questioned his pay, Defendant Employer told him to leave the premises.

y.  The racial harassment unreasonably interfered with the work performance of Sharp.

6

19.     The unlawful employment practices include subjecting Shondell Dotson (Dotson) to harassment, a hostile work environment and unequal terms and conditions of employment because of his race, African American.

    a.   The Commission incorporates by reference herein, paragraphs 18 a-e.

    b.   Dotson applied for employment as an Environmental Technician around April 2014.

    c.   Dotson completed an application that listed DeSoto Marine.

    d.   Dotson was hired by Defendant Employer Prewett Enterprises around April 27, 2014 as an Environmental Technician.

    e.   Defendant Prewett Enterprises' daily project task listed Dotson as an employee performing work for Defendant Prewett Enterprises who had the contract with Delek Logistics.

    f.   Dotson remembers Kendall Prewett, the son of the owner of Prewett Enterprises, hired him.

    g.   Dotson alleges while he worked for Defendant Employer Prewett Enterprises, White supervisors and managers subjected him to daily racial harassment.

    h.   For example, Chris LNU, White male, called him a dread head Whoopi Goldberg rag doll because Dotson wears his hair as dreadlocks.

    i.   Kendall Prewett asked him, "are you Whoopi Goldberg? Why do all you Black people have to have dreads?"

    j.   Chris LNU told him to "sit my nigga ass down" when he asked to use the restroom on the bus;

    k.   Chris LNU said "niggas are good hitch hikers."

    l.   Defendant Employer's supervisor told them where they were working, they

7

had better not get caught in a certain area after dark because they were Black.

m. The racial harassment unreasonably interfered with the work performance of Dotson.

20. The unlawful employment practices include subjecting Sirrell Scott (Scott) to harassment, a hostile work environment and unequal terms and conditions of employment because of his race, African American.

a. The Commission incorporates by reference herein, paragraphs 18 a-e.

b. Scott applied for employment with Defendant Employer Prewett Enterprises around October 13, 2013.

c. Scott met with Kendall Prewett, White, and the son of the owner of Prewett Enterprises, who did the hiring.

d. Kendall Prewett asked Scott before he hired him whether Black people watched baseball. When Scott said, "yes," Kendall Prewett told Scott if you can tell me the name of a baseball team, you are hired.

e. Defendant Employer Prewett Enterprises hired Scott as an Environmental Technician around October 13, 2013.

f. While Scott worked for Defendant Employer Prewett Enterprises,
 White supervisors and managers subjected him to daily racial harassment.

g. Germane LNU, a White supervisor, told Scott when Scott was working and asked whether David Sharp could be his hole watch, "all monkeys can't be in a bunch."

h. After wasps stung Scott while he was working, Scott spoke to Germane LNU, who said Defendant Employer Prewett Enterprises would drug test him.

8

When Scott said he was ready, Germaine LNU told him to get the fuck off my job, you are fired. Germaine LNU also said, "just like a nigga."

i. After Scott called his mother to come pick him up, Germaine LNU said, "you called your mom up here so she can fuck your supervisor so you can get a higher position."

j. When Scott was working, Kendall Prewett told him to remove drums filled with hazardous materials from the bed of a truck.

k. When Scott told Kendall Prewett that he did not have gloves, Prewett told him "you been working in a plantation boy."

l. Chris LNU told him when they stopped near a Church's Chicken where Scott's grandfather was in a nursing home that "your grand daddy was around when my ancestors was giving them hoofs and snouts in buckets, that's why they like ribs."

m. After Scott had worked for hours, he wanted water. Spinner LNU, a White supervisor, told him to "dip your shirt in the water, put it on your head like the Black slaves."

n. Kendall Prewett told Scott to "get your black ass over there and get the garbage up."

o. When Scott asked Kendall Prewett "where are the bags?" Prewett said "they are big, black and in the garbage can, just like you."

p. Kendall Prewett said "you can't send a boy to do a job."

q. Kendall Prewett said to Scott, "monkey, didn't they teach you how to think?"

9

r.  When Scott questioned why Prewett Enterprises took money out of a Black co-worker's check for scratches on the truck when the co-worker stopped to check the GPS, Kendall Prewett said, "nigga, shut the fuck up."

s.  Kendall Prewett told Scott that he wanted to give Scott's fiancé a job in his home working with the "hoe."

t.  Kendall Prewett told Scott that he knew Scott was not tired "mule," you are a real mule.

u.  Kendall Prewett said to Scott, "I can put you in the fry tank (which held hazardous material and smelled bad) because y'all used to sleep with the pigs."

v.  When Scott tried to help a Black coworker, Kendall Prewett told him, "I told that little monkey to do it."

w.  Kendall Prewett asked him, "nigga, why are you looking at me."

x.  When Scott asked Kendall Prewett and Spinner LNU about chemical exposure to himself after Scott's children were born with birth defects, Kendall Prewett said it was population control and he was not concerned about Blacks, but green.

y.  While cleaning a jobsite in Alabama, Scott noted his Black coworker became ill, and Scott asked for water for him.  Kendall Prewett said "monkeys can get water out of a cactus."

z.  When Scott complained to Kendall Prewett about racial slurs, Prewett told Scott to leave his problems at the door.

aa. The racial harassment and unequal terms and conditions of employment

10

unreasonably interfered with the work performance of Scott.

21.     The unlawful employment practices include subjecting a class of employees to harassment, a hostile work environment and unequal terms and conditions of employment because of their race, African American.

      a.  Isaac Alsobrook, who worked for Defendant Employer at its worksite in El Dorado, Arkansas, was subjected to racial harassment daily by his supervisors.

      b.  The daily harassment consisted of racist comments directed to African American employees.

      c.  The daily harassment consisted of supervisors threatening to remove African American employees from their hotel rooms and denying them transportation to return home at the end of the project.

      d.  Henry Nichols, who worked for Defendant Employer as an oil spill cleaner and driver in 2010 and 2014, was subjected to racial harassment daily by his supervisors.

      e.  The daily harassment consisted of supervisors making racist comments toward African American employees and calling them names.

      f.  The supervisors continued to name-call African American employees despite the employees' protests.

      g.  Antonio Abram, who worked for Defendant Employer cleaning up oil spills from 2014 to 2015, was subjected to racial harassment daily by his supervisors.

11

h. The daily harassment consisted of supervisors using racial slurs directed toward him and other African American employees.

i. The racial harassment and unequal terms and conditions of employment unreasonably interfered with the work performance of Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, Antonio Abram and a class of Black employees.

22. The effect of the practice(s) complained of in paragraph(s) 18-21 above has been to deprive David Sharp, Shondell Dotson, Sirrell Scott, and a class of African American employees, including, Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram of equal employment opportunities and otherwise adversely affect their status as employees, because of their race.

23. The unlawful employment practices complained of in paragraphs 18-21 above were intentional.

24. The unlawful employment practices complained of in paragraphs 18-21 above were done with malice or with reckless indifference to the federally protected rights of David Sharp, Shondell Dotson, Sirrell Scott and a class of African American employees, including, Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate based on race.

12

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Employer to make whole David Sharp, Shondell Dotson, Sirrell Scott and a class of other African American employees, including Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram, whom Defendant Employer subjected to race discrimination, including racial harassment, hostile work environment and different terms and conditions of employment by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D.      Order Defendant Employer to make whole David Sharp, Shondell Dotson, Sirrell Scott and a class of other African American employees, including Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram, whom Defendant Employer subjected to race discrimination, including racial harassment, hostile work environment and different terms and conditions of employment by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 18-21 above.

E.      Order Defendant Employer to make David Sharp, Shondell Dotson, Sirrell Scott and a class of other African American employees, including Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram, whom Defendant Employer subjected to race discrimination, including racial harassment, hostile work environment and different terms and conditions of employment, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 18-21 above, including

13

emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.     Order Defendant Employer to pay David Sharp, Shondell Dotson, Sirrell Scott and a class of other African American employees, including Issac Alsobrook, Alec Alsobrook, Pierre McGrone, Henry Nichols, and Antonio Abram, whom Defendant Employer subjected to race discrimination, including racial harassment, hostile work environment and different terms and conditions of employment because of their race, punitive damages for its malicious and reckless conduct described in paragraphs 18-21 above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper in the public interest.

      H.     Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                       Respectfully submitted,

                                       JAMES LEE
                                       Acting General Counsel

                                       GWENDOLYN YOUNG REAMS
                                       Associate General Counsel

                                       s/ Faye A. Williams
                                       FAYE A. WILLIAMS
                                       Regional Attorney
                                       TN Bar No. 011730
                                       faye.williams@eeoc.gov

                                     s/ Markeisha K. Savage
                                     MARKEISHA K. SAVAGE
                                       Trial Attorney
                                       TN Bar No.  024693
                                     markeisha.savage@eeoc.gov

14

s/ Roslyn N. Griffin
ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317
roslyn.griffin@eeoc.gov

s/ Jason P. Bailey
JASON P. BAILEY
Trial Attorney
AR Bar No. 2015228
jason.bailey@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 901
Memphis, TN 38104
Tel: (901) 544-0133

15